IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **RICHARD L. BIBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 5:11-0519** |
| | ) | |
| **NEW RIVER COMMUNITY AND** | ) | |
| **TECHNICAL COLLEGE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is "Defendants, New River Community and Technical College, President Ted D. Spring and Human Resources Director Leah Taylor's Motion to Dismiss Plaintiff's Complaint" (Document No. 10.), filed on May 10, 2012. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendants in moving to dismiss. (Document No. 12.) On May 14, 2012, Plaintiff filed his Response in Opposition to Defendants' Motion. (Document No. 13.) Having conducted a thorough examination of the record, the undersigned has determined and hereby respectfully recommends that Defendants' Motion to Dismiss should be denied as premature.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 1, 2011, Plaintiff, acting *pro se*, filed an Application to Proceed Without Prepayment of Fees (Document No. 1.) and Complaint claiming Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e), the Civil Rights Act of 1991, Title 42 U.S.C. § 1981, and the Equal Protection Clause. (Document No. 2.) Plaintiff

names the following as Defendants: (1) New River Community and Technical College; (2) Ted D. Spring, President; and (3) Leah A. Taylor, Human Resource Director. (Id., pp. 1 - 2.) Plaintiff alleges that Defendants denied him certain job positions "due to his sex and/or race." (Id., pp. 2 - 4.) As an Exhibit, Plaintiff attaches a copy of the EEOC's "Dismissal and Notice of Rights" dated May 13, 2011. (Document No. 2-1.)

By Order entered on April 23, 2012, the undersigned granted Plaintiffs' Application to Proceed Without Prepayment of Fees and directed Plaintiff to serve the Summonses and Complaint upon Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 7.) The Clerk issue Summonses for Defendants on April 23, 2012. (Document No. 8.) On May 3, 2012, the Summons and Complaint addressed to Defendants Spring and Taylor were delivered by certified mail to New River Community and Technical College. (Document Nos. 10-1, 10-2, 10-3 and 13, p. 6.) On May 7, 2012, Defendant New River Community and Technical College's Advanced Technology Center, located in Ghent, West Virginia, received by certified mail a Summons and Complaint addressed to New River Community and Technical College. (Document Nos. 10-1, 10-3, and 13, p. 6.)

On May 10, 2012, Defendants filed their "Motion to Dismiss Plaintiff's Complaint" and Memorandum in Support. (Document Nos. 10 and 11.) Defendants argue that Plaintiff's Complaint should be dismissed based upon the following: (1) "Plaintiff's Complaint should be dismissed as service of process was not effected upon any Defendant within 120 days of the filing of the Complaint;" (Document No. 11, pp. 2 - 3.); (2) "In addition to being untimely, service of process against Defendants Ted Spring and Leah Taylor was improper because delivery was not restricted to these individuals and the clerk apparently did not issue the certified mail" (Id., pp. 3 - 6.); and (3)

"In addition to being untimely, service of process against Defendant New River Community and Technical College was improper because the Summons and Complaint were not delivered to an officer of New River Community and Technical College" (Id., pp. 6 - 8.).

In support of their Motion, Defendants attach the following Exhibits: (1) The Affidavit of Dr. Ted D. Spring (Document No. 10-1.); (2) The Affidavit of Leah Taylor (Document No. 10-2.); and (3) A copy of the certified envelope addressed to New River Community and Technical College (Document No. 10-3.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 11, 2012, advising him of the right to file a response to the Defendants' Motion to Dismiss. (Document No. 12.) On May 14, 2012, Plaintiff filed his "Response to Defendants' Motion to Dismiss." (Document No. 13.) First, Plaintiff argues that service was not untimely because "plaintiff could not proceed with service until the court ruled on his Application to Proceed without Prepayment of Fees on April 23, 2012, therefore there is no issue regarding the 120 day requirement." (Id., p. 2.) Second, Plaintiff argues that Defendants Spring and Taylor were properly served. (Id., pp. 2 - 3.) Plaintiff contends that "[t]he fact that an individual may not have been present does not mean they did not receive the complaint." (Id., p. 2) Plaintiff further notes that "[b]oth Taylor and Spring state in their affidavits that they are employed at NRCTC and that the mail room received the complaint via certified mail and that the individual that received the document was their agent. As President and Director of Human Resources, the mail room clerk is an agent as all employees are ultimately hired by the authority of either one or both of these individuals." (Id., pp. 2 - 3.) Third, Plaintiff states that for service of New River Community and Technical College, "plaintiff used information obtained from the website of the West Virginia

3

Secretary of State and should not be held accountable if the defendants did not have a correct listing with the Secretary of State as is required of business." (Id., p. 3.) Plaintiff contends that "Defendants list Mr. Loope as their agent authorized to receive service of process on the Secretary of State website."[1] (Id.) As Exhibits, Plaintiff attaches the following: (1) The Affidavit of Richard L. Bibbs (Id., p. 5.); and (2) The Certified Mail Return Receipts cards for Defendants (Id., p. 6.).

On May 22, 2012, Defendants filed their Reply. (Id., p. 16.) Defendants continue to argue that attempted service upon Defendants was untimely under Rule 4(c)(1) and (m) of the Federal Rules of Civil Procedure. (Id., p. 1.) Next, Defendants assert that "Plaintiff did not properly effect service of process on any of the Defendants." (Id., p. 2.) Specifically, Defendants note that Plaintiff "attempted to serve Dr. Ted Spring, Leah Taylor and New River Community and Technical College by delivering the Complaint and Summons by certified mail to New River Community and Technical College without restricting delivery to the Defendants." (Id.) Defendants note that a review of the return receipt cards reveal that restricted delivery was not selected on any of the cards and the individual who signed for the certified mail was not the Defendant or his or her agent. (Id.) Defendants contend that "Plaintiff has cited no authority for his proposition that everyone employed by New River Community and Technical College is an agent within the meaning of the Federal Rules of Civil Procedure." (Id.) Finally, Defendants state that William J. Loope is listed as the agent

---

[1] Plaintiff appears to complain that the Court did not require an officer of the Court to serve process upon Defendants. The Court notes that unless requested, the Court does not require an officer of the Court to serve process upon Defendants if the Plaintiff is a non-prisoner. *See Boudette v. Barnette*, 923 F.2d 754 (9th Cir. 1991)(*in forma pauperis* plaintiff must request service of summons and complaint by court officer in order for officer to be responsible for effecting service.) By separate Order, the Court has construed the above as a motion for an officer of the court to serve process and has granted the motion.

for service of process on the New River Community and Technical College Foundation, Inc., which is a separate entity from New River Community and Technical College." (Id.) Specifically, Defendants assert that service was improper because Plaintiff failed to "serve the Complaint and Summons directed to New River Community and Technical College on its President, Dr. Ted. Spring, or any officer or agent of New River Community and Technical College." (Id.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity

with Rule 4. See Wolfe v. Green, 660 F.Supp.2d 738, 750 (S.D.W.Va. 2009). When it is evident that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order. Federal Rule of Civil Procedure 4(e) states how a party must serve a Summons and Complaint upon an individual within a judicial district of the United States as follows:

> **(e) Servicing an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual - - other than a minor, an incompetent person, or a person whose waiver has been filed - - may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**1.  Timeliness of Service under Rule 4(m):**

Defendants first argue that Plaintiff's Complaint must be dismissed because it is untimely under Rule 4(m). Specifically, Defendants state that Plaintiff's Complaint was filed on August 1, 2011, [and] [t]he Complaint should have been served on or before November 29, 2011, in order to

comply with Rule 4(m)." (Document No. 11, p. 3.) Plaintiff argues that service was not untimely because "plaintiff could not proceed with service until the court ruled on his Application to Proceed without Prepayment of Fees on April 23, 2012, therefore there is no issue regarding the 120 day requirement." (Document No. 13, p. 2.) The undersigned finds that Plaintiff filed an Application to Proceed Without Prepayment of Fees in conjunction with his Complaint. (Document Nos. 1 and 2.) By Order entered on April 23, 2012, this Court granted Plaintiff's Application to Proceed Without Prepayment of Fees, directed the Clerk to issue Summonses upon Defendants, and directed Plaintiff to serve the Summonses and Complaint upon Defendants. (Document No. 7.) The Court does not issue Summonses until a Plaintiff's Application to Proceed Without Prepayment of Fees has been granted. Plaintiff, therefore, has shown good cause for his failure to serve Defendants within 120 days after the Complaint was filed with the Court. Accordingly, Defendants' Motion to Dismiss based upon Rule 4(m) should be denied. Plaintiff shall have until August 21, 2012, to serve Defendants.

**2.     Defendants Spring and Taylor:**

Next, Defendants argue that "service of process against Defendants Ted Spring and Leah Taylor was improper because delivery was not restricted to these individuals and the clerk apparently did not issue the certified mail." (Document No. 11, p. 3.) Plaintiff argues that Defendants Spring and Taylor were properly served because (1) the fact that "an individual may not have been present does not mean they did not receive the complaint," and (2) the mail room clerk was an agent of Defendant Spring and Taylor because the mail room clerk was "ultimately hired" by Defendant Spring or Taylor as an employee of New River Community and Technical College. (Document No. 13, pp. 2 - 3.)

7

Based upon a review of the record, it appears that Plaintiff attempted to serve Defendants Spring and Taylor pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. Rule 4(e)(1) provides that an individual may be served "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(d)(1) of the West Virginia Rules of Civil Procedure provide, in pertinent part, as follows:

> **(d)** **Manner of service.** Personal or substituted service shall be made in the following manner:
>
> (1) *Individuals*. Service upon an individual other than an infant, incompetent person, or convict may be made by:
>
> > (A) Delivering a copy of the summons and complaint to the individual personally; or
> > (B) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or
> > (C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or
> > (D) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or
> > (E) The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

As Exhibits, Plaintiff attaches copies of the Certified Mail Return Receipt cards as evidence that he accomplished service upon Defendants Spring and Taylor. The Return Receipt cards reveal that Plaintiff attempted service as follows: (1) Concerning Defendant Spring, Plaintiff addressed the

certified mail to New River Community and Technical College with attention to the Office of the President, Ted D. Spring; and (2) Concerning Defendant Taylor, Plaintiff addressed the certified mail to New River Community and Technical College with attention to the Office of Human Resources, Leah A. Taylor. The Return Receipt cards, however, clearly show that Plaintiff did not request restricted delivery and the individuals who signed for the certified mail were not the Defendants or their agents. Defendants Spring and Taylor filed Affidavits stating that (1) the individual who received the certified mail was not their agent or attorney-in-fact, and (2) neither have been personally served with the Summons and Complaint. (Document Nos. 10-1 and 10-2.) It is evident in the record that Plaintiff did not comply with the foregoing rules in attempting to serve Defendants Spring and Taylor because he did restrict delivery and delivery was not accepted by Defendants or their agents. Based on the foregoing, the undersigned finds that Plaintiff has not effectuated service of process upon Defendants Spring and Taylor. Plaintiff, however, has until August 21, 2012, to properly serve Defendants. Accordingly, Defendant Spring and Taylor's Motion to Dismiss should be denied as premature.

3. **<u>Defendant New River Community and Technical College</u>:**

Finally, Defendants argue that Plaintiff failed to properly serve process upon "Defendant New River Community and Technical College because the Summons and Complaint were not delivered to an officer of New River Community and Technical College." (Document No. 11, p. 6.) Plaintiff contends that he properly served New River Community and Technical College because he "used information obtained from the website of the West Virginia Secretary of State and should not be held accountable if the defendants did not have a correct listing with the Secretary of State as is required of business." (Document No. 13, p. 3.) Plaintiff contends that "Defendants list Mr.

9

Loope as their agent authorized to receive service of process on the Secretary of State website." (Id.) In Reply, Defendants state that William J. Loope is listed as the agent for service of process on the New River Community and Technical College Foundation, Inc., which is a separate entity from New River Community and Technical College." (Document No. 16, p. 2.)

Rule 4(h) of the Federal Rules of Civil Procedures provides, in pertinent part, as follows:

> (**h**) **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>     (**1**) in a judicial district of the United States:
>         (**A**) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>         (**B**) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - - if the agent is one authorized by statute and the statute so requires - - by also mailing a copy of each to the defendant.

As an Exhibit, Plaintiff attaches a copy of the Certified Mail Return Receipt card as evidence that he accomplished service upon Defendant New River Community and Technical College. A review of the Return Receipt card reveals that Plaintiff addressed the certified mail to New River Community and Technical College c/o William J. Loope. Neither Mr. Loope nor an agent or officer of New River Community and Technical College accepted delivery of the certified mail.[2] In support of the Motion to Dismiss, Defendants submit the Affidavit of Dr. Ted D. Spring, the President of New River Community and Technical College. Mr. Spring states as follows in his Affidavit:

> 3.     On May 3, 2012, New River Community and Technical College's mail room received an envelope containing a Summons and Complaint by certified mail.

---

[2] Furthermore, it appears that Mr. Loope is an agent of a separate entity (New River Community and Technical College Foundation, Inc.).

    4.        The individual who received the certified mail in Civil Action No. 5:11-cv-0519 was not my agent or attorney-in-fact.

    5.        On May 3, 2012, I was off-campus at a meeting.

    6.        I have not been personally served with the Summons and Complaint in Civil Action No. 5:11-cv-0519.

    7.        I was not present and did not sign a return receipt for any certified mail in Civil Action No. 5:11-cv-0519.

    8.        On May 7, 2012, New River Community and Technical College's Advanced Technology Center located in Ghent, West Virginia received by certified mail a Summons and Complaint address to New River Community and Technical College.

    9.        The Summons and Complaint directed to New River Community and Technical College was not served upon any officer of New River Community and Technical College.

(Document No. 10-1.) Based on the foregoing, the undersigned finds that Plaintiff has not effectuated service of process upon New River Community and Technical College. Plaintiff, however, has until August 21, 2012, to properly serve the Defendant. Accordingly, Defendant New River Community and Technical College's Motion to Dismiss should be denied as premature.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY as premature** Defendants' Motion to Dismiss (Document No. 10.).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days,

filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 5, 2012.

R. Clarke VanDervort
United States Magistrate Judge