## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **RICHARD L. BIBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 5:11-0519** |
| | ) | |
| **NEW RIVER COMMUNITY AND** | ) | |
| **TECHNICAL COLLEGE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court are the following Motions: (1) Plaintiff's "Motion to Compel Disclosure of Discovery Requests"(Document No. 32.), filed on August 6, 2012; (2) Defendants' Motion for Protective Order (Document No. 37.), filed on August 14, 2012; and (3) Plaintiff's Motion for Protective Order (Document No. 40.), filed on August 20, 2012. Having thoroughly considered the issues raised by these Motions, the undersigned concludes that Plaintiff's "Motion to Compel Disclosure of Discovery Requests" (Document No. 32.) should be denied, Defendants' Motion for Protective Order (Document No. 37.) should be denied, and Plaintiff's Motion for Protective Order (Document No. 40.) should be denied.

### PROCEDURAL BACKGROUND

On August 1, 2011, Plaintiff, acting *pro se*, filed a Complaint claiming Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e), the Civil Rights Act of 1991, Title 42 U.S.C. § 1981, and the Equal Protection Clause.[1]

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 2.) Plaintiff names the following as Defendants: (1) New River Community and Technical College; (2) Ted D. Spring, President; and (3) Leah A. Taylor, Human Resource Director. (Id., pp. 1 - 2.) Plaintiff alleges that Defendants denied him certain job positions "due to his sex and/or race." (Id., pp. 2 - 4.) As an Exhibit, Plaintiff attaches a copy of the EEOC's "Dismissal and Notice of Rights" dated May 13, 2011. (Document No. 2-1.)

By Order entered on April 23, 2012, the undersigned granted Plaintiffs' Application to Proceed Without Prepayment of Fees and directed Plaintiff to serve the Summonses and Complaint upon Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 7.) The Clerk issued Summonses for Defendants on April 23, 2012. (Document No. 8.) On May 3, 2012, the Summons and Complaint addressed to Defendants Spring and Taylor were delivered by certified mail to New River Community and Technical College. (Document Nos. 10-1, 10-2, 10-3 and 13, p. 6.) On May 7, 2012, Defendant New River Community and Technical College's Advanced Technology Center, located in Ghent, West Virginia, received by certified mail a Summons and Complaint addressed to New River Community and Technical College. (Document Nos. 10-1, 10-3, and 13, p. 6.)

On May 10, 2012, Defendants filed their "Motion to Dismiss Plaintiff's Complaint" and Memorandum in Support. (Document Nos. 10 and 11.) Defendants argued that Plaintiff's Complaint should be dismissed based upon the following: (1) "Plaintiff's Complaint should be dismissed as service of process was not effected upon any Defendant within 120 days of the filing of the Complaint;" (Document No. 11, pp. 2 - 3.); (2) "In addition to being untimely, service of process against Defendants Ted Spring and Leah Taylor was improper because delivery was not restricted to these individuals and the clerk apparently did not issue the certified mail" (Id., pp. 3 - 6.); and (3)

2

"In addition to being untimely, service of process against Defendant New River Community and Technical College was improper because the Summons and Complaint were not delivered to an officer of New River Community and Technical College" (Id., pp. 6 - 8.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 11, 2012, advising him of the right to file a response to the Defendants' Motion to Dismiss. (Document No. 12.) On May 14, 2012, Plaintiff filed his "Response to Defendants' Motion to Dismiss." (Document No. 13.) First, Plaintiff argued that service was not untimely because "plaintiff could not proceed with service until the court ruled on his Application to Proceed without Prepayment of Fees on April 23, 2012, therefore there is no issue regarding the 120 day requirement." (Id., p. 2.) Second, Plaintiff asserted that Defendants Spring and Taylor were properly served. (Id., pp. 2 - 3.) Third, Plaintiff stated that for service of New River Community and Technical College, "plaintiff used information obtained from the website of the West Virginia Secretary of State and should not be held accountable if the defendants did not have a correct listing with the Secretary of State as is required of business." (Id., p. 3.) As Exhibits, Plaintiff attached the following: (1) The Affidavit of Richard L. Bibbs (Id., p. 5.); and (2) The Certified Mail Return Receipts cards for Defendants (Id., p. 6.).

On May 22, 2012, Defendants filed their Reply. (Id., p. 16.) Defendants continued to argue that attempted service upon Defendants was untimely under Rule 4(c)(1) and (m) of the Federal Rules of Civil Procedure. (Id., p. 1.) Next, Defendants asserted that "Plaintiff did not properly effect service of process on any of the Defendants." (Id., p. 2.) Finally, Defendants stated that William J. Loope is listed as the agent for service of process on the New River Community and Technical College Foundation, Inc., which is a separate entity from New River Community and Technical College." (Id.)

3

By Proposed Findings and Recommendation entered on June 5, 2012, the undersigned recommended that Defendants' Motion to Dismiss be denied as premature because Plaintiff had until August 21, 2012 to properly serve the Defendants. (Document No. 20.) By Order also entered on June 5, 2012, the undersigned granted Plaintiff's Motion for an Officer of the Court to Serve the Summonses and Complaint. (Document No. 18.) On June 22, 2012, Defendants filed their Answer to Plaintiff's Complaint. (Document No. 25.) On July 16, 2012, Plaintiff served on Defendants his First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions. (Document No. 26.) By Memorandum Opinion and Order entered on July 19, 2012, United States District Judge Irene C. Berger adopted the undersigned's recommendation and denied Defendant's Motion to Dismiss as premature. (Document No. 27.) The District Court entered a Scheduling Order on July 24, 2012, requiring that all discovery be completed by November 20, 2012. (Document No. 30.) Defendants filed their Responses to Plaintiff's Requests for Admissions on July 27, 2012. (Document No. 31.)

On August 6, 2012, Plaintiff filed his "Motion to Compel Disclosure of Discovery Requests." (Document No. 32.) Defendants filed a Response to Plaintiff's Motion to Compel on August 13, 2012. (Document No. 36.) On August 14, 2012, Defendants filed a Motion for Protective Order. (Document No. 37.) Plaintiff filed his Response to Defendants' Motion for Protective Order on August 20, 2012. (Document No. 39.) Also on August 20, 2012, Plaintiff filed a Motion for Protective Order. (Document No. 40.) Defendants filed their Response in Opposition to Plaintiff's Motion for Protective Order on August 24, 2012. (Document No. 44.) Also on August 24, 2012, Defendants filed their Reply to Plaintiff's Response in Opposition to Defendant's Motion for Protective Order. (Document No. 45.)

4

## STANDARD

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery is generally limited therefore to nonprivileged information which is relevant to any party's claims or defenses, and relevant information is information which is admissible at trial or might  reasonably lead to the discovery of information which is admissible at trial. See State ex rel. Erie Ins. Property and Cas. Co. v. Mazzone, 218 W.Va. 593, 596, 625 S.E.2d 355, 358 (2005)("A threshold issue regarding all discovery requests is relevancy. This is so because '[t]he question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried.'" quoting Syllabus Point 4 of State Farm Mut. Auto. Ins. Co. v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992).) Rule 26(g) provides as follows:

**(1) Signature Required; Effect of Signature.** Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at

5

least one attorney of record in the attorney's own name - - or by the party personally, if unrepresented . . .. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

**(A)**      with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B)**      with respect to a discovery request, response, or objection, it is:

        **(i)**      consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

        **(ii)**      not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

        **(iii)**      neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2) Failure to Sign.** Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3) Sanction for Improper Certification.** If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

When parties request relevant nonprivileged information in Interrogatories under Rules 33, their request "must be answered:(A) by the party to whom they are directed; or (b) if that party is a private corporation, . . . by any officer or agent, who must furnish the information available to the party." Fed.R.Civ.P. 33(b)(1). Federal Rule of Civil Procedure 33(b)(3) through (5) state further as follows:

**(3) *Answering Each Interrogatory.*** Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

**(4) *Objections.*** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

**(5) *Signature.*** The person who makes the answers must sign them, and the attorney who objects must sign any objections.

"Generic non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." Vica Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D.W.Va. 2003). The Court requires strict adherence to these Rules. Saria v. Massachusetts Mutual Life Insurance Company, 228 F.R.D. 536, 538 (S.D.W.Va. 2005).

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
> **(C)** *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc., 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation. In most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/ or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any

7

limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections. <u>Sabol v. Brooks</u>, 469 F.Supp.2d 324, 328 (D.Md. 2006).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii)  other circumstances make an award of expenses unjust.
>
> **(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an

8

award of expenses unjust.

**(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

### DISCUSSION

1.    **Plaintiff's Motion to Compel (Document No. 32.):**

In his "Motion to Compel Disclosure of Discovery Requests," Plaintiff requests that the Court "deny defendants' Proposed Protective Order and compel the Defendants to disclose plaintiff's discovery requests." (Document No. 32, p. 4.)  Plaintiff explains that on July 16, 2012, he "served various discovery requests to the defendants necessary for trial preparation and within the scope of the allegations contained in the plaintiff's complaint." (Id., p. 1.) Plaintiff complains that in response, he "received a Proposed Agreed Protective Order from Defendants." (Id.) Plaintiff objects to the protective order stating that "defendants' use of the concept of confidentially is over-zealous."(Id., pp. 2 - 3.) Plaintiff asserts that "this case is not about national security, it is a civil case about discrimination, retaliation and applicant qualifications at an institution of higher learning that should be open and transparent to the public." (Id., pp. 3 - 4.) As Exhibits, Plaintiff attaches the following: (1) A copy of a "News Release" from New River Community and Technical College dated December 1, 2010, entitled "Three Staff Positions Filled at New River" (Id., p. 5.); (2) A copy of a "News Release" from New River Community and Technical College dated December 8, 2009, entitled "Three Join New River Community and Technical College" (Id., p. 6.); and (3) Newspaper articles concerning new employees at New River Community and Technical College (Id., pp. 7 - 8.)

In Response to Plaintiff's Motion to Compel, Defendants first argue that they timely filed Responses to Plaintiff's Requests for Admissions on July 27, 2012. (Document No. 36, p. 1.)

Second, Defendants state that Plaintiff's Motion to Compel is premature because "Defendants' Responses to Plaintiff's Interrogatories and Requests for Production of Documents are not due until August 15, 2012." (Id., pp. 1 - 2.) Defendants note that in Plaintiff's Request for Production of Documents, Plaintiff requests "application materials, interview notes, interview rankings, and other personal information concerning the successful applicants for four employment positions at New River Community and Technical College." (Id. p. 2.) Defendants state that on August 3, 2012, "counsel for Defendants sent a proposed Protective Order along with a letter to the Plaintiff seeking Plaintiff's agreement to maintain the confidentiality of this information." (Id.) Defendants note that "[i]nstead of responding to the Defendants' letter and proposed Protective Order, the Plaintiff proceeded to file a Motion to Compel Disclosure of Discovery Requests, which presumably seeks to compel the Defendants' responses to discovery, on August 6, 2012." (Id.) Third, Defendants state "Plaintiff's request for the Court to deny the Defendants' proposed Protective Order is improper as the Defendants have not yet filed a Motion for Protective Order." (Id.) Finally, Defendants argue that "Plaintiff's Motion to Compel does not contain a certification that he has in good faith conferred or attempted to confer with the Defendants, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure." (Id.)

As Exhibits, Defendants filed the following: (1) A copy of a letter from defense counsel to Plaintiff dated August 3, 2012, regarding the requested information and Protective Order (Document No. 36-1, pp. 1 - 2.); and (2) A copy of the proposed "Agreed Protective Order" (Id., pp. 3 - 6.)

The Court will first consider whether Plaintiff's Motion to Compel is premature. According to Rule 33(b)(2) of the Federal Rules of Civil Procedure, the "responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Concerning

10

Requests for Production of Documents, Rule 34(b)(2)(A) provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Plaintiff served his First Set of Interrogatories and Requests for Production of Documents on July 16, 2012. Thus, Defendants had until August 15, 2012, to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. Plaintiff filed his Motion to Compel on August 6, 2012. Clearly, Plaintiff filed his Motion to Compel prior to Defendants' deadline for responding to the discovery requests. Therefore, Plaintiff's Motion to Compel is premature.

Notwithstanding the foregoing, the undersigned further finds that Plaintiff failed to comply with Rule 37 of the Federal Rules of Civil Procedure. Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an Interrogatory or Request for Production, the discovering party may move for an Order compelling the answer or production. See Fed. R. Civ. P. 37(a)(3)(B). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's Local Rules provide in greater detail that "each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest extent possible." See L. R. Civ. P. 37.1(b); also see Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc., 246 F.R.D. 522, 526 (S.D.W.Va. 2007)("[I]t is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel . . ."). Based on a review of the record, Plaintiff failed to file a certification in compliance with Rule 37. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 32.) is **DENIED**.[2]

---

[2] The undersigned notes that Plaintiff's argument that Defendants' Motion for Protective Order should be denied because "this case is not about national security," is without merit. Rule

**2.**      **<u>Defendants' Motion for Protective Order (Document No. 37.)</u>:**

In their Motion for Protective Order, Defendants first argue that Plaintiff's Request for Production of Documents requests "application materials, interview notes, interview rankings, and other personal information concerning the successful applicants for four employment positions at New River Community and Technical College." (Document No. 37, p. 1.) Defendants note that they "have no objection to identifying the successful applicants by name, gender and race, [but] the documents requested by Plaintiff contain notes and interview rankings of applicants that are not publicly disseminated and that are not disclosed to applicants." (<u>Id.</u>, pp. 1 - 2.) Defendants argue that a Protective Order is necessary because "the requested documents contain personal, non-public information that may be sensitive or even embarrassing for the applicants who are not parties to this litigation." (<u>Id.</u>, p. 2.) Next, Defendants request the Court to deny Plaintiff's request that New River produce its interview questions. (<u>Id.</u>, p. 3.) Specifically, Defendants states that they "do not object to providing the Plaintiff the Post Interview Summary Guides and the Committee Chairs Overall Candidate Summary Sheets, with an appropriate Protective Order in place; however, New River Community and Technical College objects to producing its master set of competency based interview questions and the Competency Rating Sheets, which contain the interview questions, as such information constitutes a trade secret, confidential research, development or commercial information of Defendant New River and could cause irreparable harm to its interview and selection process should the questions be known in advance to any of the applicants." (<u>Id.</u>, p. 4.) Defendants note that "[p]roduction of the Post Interview Summary Guides and the Committee Chairs Overall

_____

26(c) of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Candidate Summary Sheets will allow the Plaintiff to ascertain the outcomes of the interviews and the rankings of the candidates without requiring the Defendant to reveal its propriety information." (Id.) Finally, Defendants state that they "sent the proposed Protective Order and letter to the Plaintiff in accordance with Rule 26(c), which requires a party to attempt to confer with the other party to resolve the dispute without court action prior to moving for a protective order." (Id., p. 2.)

      As Exhibits, Defendants attach the following: (1) A copy of a letter from defense counsel to Plaintiff dated August 3, 2012, regarding the requested information and Protective Order (Document No. 37-1, p. 1.); (2) A copy of the proposed "Agreed Protective Order" (Id., pp. 2 - 5.); and (3) A copy the "Certification of Defendants" (Document No. 37-2.).

      In Response, Plaintiff argues that "the information requested by Plaintiff is essential to make a comprehensive analysis of the qualifications of the selected applicants by being able to review the same information that was available to any of the individuals involved in the selection and hiring process." (Document No. 39, p. 1.) Plaintiff explains that "[t]he requested discovery could determine if any bias may have been present in the evaluation of the selected applicant's qualifications by the selection committee, whether the selected applicant indeed possessed the required qualifications and if the criteria relied upon the selection committee and hiring officials is at all objective." (Id., pp. 1 - 2.) Plaintiff states that "[t]he documents submitted by the selected applicant regarding their qualifications, the search committees examination of documents and interview process, (including notes, summary sheets, rating sheets, questions asked, applicant responses, etc.), were all factors taken into consideration by the hiring officials in the selection process." (Id.) Next, Plaintiff contends that he does not want the Master List of Competency Based Questions, but wants "the questions asked of the selected applicants, as well as the Plaintiff, their responses and the search

committees notes regarding those responses." (Id., p. 4.) Finally, Plaintiff argues that Defendant did not attempt to confer. (Id., pp. 3 - 4.)

In Reply, Defendants continue to argue that they "are agreeable to providing Plaintiff application materials, Post Interview Summary Guides and Committee Chairs Overall Candidate Summary Sheet once an appropriate Protective Order is in place." (Document No. 45, pp. 1 - 2.) Defendants explain that the "Post Interview Summary Guides and Committee Chairs Overall Candidate Summary Sheets will allow Plaintiff to see the interview rankings of each interviewed applicant without requiring Defendant New River Community and Technical College to disclose proprietary information that is still in use at New River." (Id., p. 2.) Finally, Defendants argue that a Protective Order is appropriate "[b]ecause Plaintiff has requested non-public, personal information of non-party applicants and because the Plaintiff has requested proprietary information from Defendant New River Community and Technical College." (Id.)

First, the Court will consider whether Defendants made a good faith effort to resolve the discovery dispute before filing the Motion for Protective Order. In support of their Motion, Defendants attach a Certificate indicating that they satisfied the requirements of Rule 26(c)(1) by sending Plaintiff the proposed Protective Order with a letter requesting that Plaintiff agree to protect the confidentiality of non-parties . (Document No. 37-2.) Defendants state that they "were not able to resolve this issue absent Court intervention" because "Plaintiff failed to respond to the Defendant's letter, refused to agree to the proposed Protective Order, and proceeded to file a Motion to Compel with this Court rather than communicating with the Defendants' counsel about the confidentiality issues." (Id., p. 2.) Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that a motion for protective order "must include a certification that the movant has in good faith

14

conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Local Rule 37.1(b) provides that "[b]efore filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent." The undersigned finds that Defendants' letter and proposed Protective Order fails to meet the requirements of Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1(b). The Court finds that the parties never met and conferred in person or by telephone concerning the actual issues in dispute in an attempt to obtain the discovery material without Court action. Accordingly, it is hereby **ORDERED** that Defendants' Motion for Protective Order (Document No. 37.) is **DENIED**.

3.     **Plaintiff's Motion for Protective Order (Document No. 40.):**

In his Motion for Protective Order, Plaintiff argues that Defendants' discovery requests served on August 10, 2012, are "beyond the scope and limitation of discovery, . . . unduly burdensome, intended to harass and not designed to lead to useful or relevant evidence considering the issues at hand in the present action." (Document No. 40, p. 1.) First, Plaintiff objects to Defendants' Interrogatories Nos. 16, 17, 18, 19, 20, 27, and 28. (Id., pp. 2 - 3.) Next, Plaintiff objects to Defendants' Requests for Production of Documents Nos. 8, 10, 13, 14, 15, 16, 17, and 18. (Id., pp. 3 - 4.) Plaintiff alleges that the interrogatories and requests for production of documents are "not limited to time to the period relevant to this litigation," "overly broad," "not reasonably calculated to lead to the discovery of admissible or relevant evidence," "call for the production of documents not in the custody, control, or possession of Plaintiff," and "seeks the production of documents that are more readily available to defendants than Plaintiff." (Id., p. 3.) Plaintiff states "there is no

15

relevant evidence to be obtained from plaintiff's job search over a four year time span." (<u>Id.</u>, p. 4.) Plaintiff argues "there is no relevance to the requests as it relates to prior EEOC complaints against other parties, if in fact there were any." (<u>Id.</u>) As an Exhibit, Plaintiff files a "Certification of Plaintiff" stating that he met and conferred with Defendants regarding the above dispute. (<u>Id.</u>, pp. 6 - 7.) Plaintiff states that he "called August 14, 15, or 16, 2012 (unsure of date) to 'confer' with the defendants, spoke with Ashley Justice, and was told regarding the nature of their requests that the discovery sought was typical and not unusual for this kind of case." (<u>Id.</u>, p. 6.)

In their Response in Opposition, Defendants argue that "the requests in question are within the scope of Rule 26 and are therefore proper." (Document No. 44, p. 3.) Defendants note that "the case at hand concerns alleged racial and gender-based discrimination in an employment situation." (<u>Id.</u>) Defendants argue that "Interrogatories 16 - 19 and Requests 13 - 15 pertain to prior instances of legal action regarding allegations of discrimination by Plaintiff." (<u>Id.</u>) Defendants claim that the information "is relevant in that it can show the legitimacy of the Plaintiff's current lawsuit," "Plaintiff's history of similar claims and allegations," and "to determine if prior complaints were made against any entity that did not give rise to litigation." (<u>Id.</u>) Defendants state that "Interrogatories 20 and 27 as well as Requests 8, 16, 17, and 18 seek to discover information relevant to Plaintiff's work history." (<u>Id.</u>) Defendants note that the above seeks "information regarding the Plaintiff's work experience, qualifications, education, on-the-job training as well as any negative factors, such as his criminal history, that would have been used during the employment decision-making process." (<u>Id.</u>) Defendants argue that the above is relevant as Plaintiff alleges "he was more qualified than the selected applicants." (<u>Id.</u>, pp. 3 - 4.) Defendants assert that Interrogatory 28 and Request 10 are relevant. (<u>Id.</u>, p. 4.) Defendants explain that "Interrogatory 28 seeks a list of

witness Plaintiff intends to call during trial" and "Request 10 seeks communication between Plaintiff and Defendant." (Id.) Defendants argue that Interrogatory 28 "directly seeks discoverable evidence regarding the Plaintiff's claim and also seeks to find parties who have direct knowledge of the facts alleged." (Id.) Defendants assert that Request 10 "seeks information directly relating to the subject of the current litigation." (Id.) Finally, Defendants argue that "Plaintiff has failed to show good cause to support the issuance of a protective order." (Id., pp. 4 - 5.)

        *a.*        ***Interrogatory Nos. 16 - 19 and Request Nos. 13 - 15:***

The Court will first consider Interrogatory Nos. 16 - 19 and Request Nos. 13 - 15, which pertain to prior legal actions by Plaintiff regarding allegations of discrimination. Specifically, the Interrogatories and Requests state as follows:

> INTERROGATORY NO. 16. Please identify all lawsuits Plaintiff has been involved in either as a plaintiff or as a defendant. For each, list the plaintiff(s), the name of the defendant(s), the nature of the action, the civil action number, the court in which it was filed and the outcome of the action.
>
> INTERROGATORY NO. 17. Please identify each and every complaint, claim and allegation Plaintiff has made based upon allegations of discrimination. For each state the following:
> > (a)    The individual and/or entity accused of discrimination;
> > (b)    The date of the alleged discrimination;
> > (c)    A detailed description of the alleged discrimination;
> > (d)    The identity of the organization, entity, court or other agency to whom Plaintiff's allegation was reported; and
> > (e)    The outcome of Plaintiff's complaint, claim or allegation.
>
> INTERROGATORY NO. 18. Please identify, including the identity of the entity or person accused, the subject of the complaint, the substance of the complaint, the date and the outcome, for each and every complaint, claim and allegation Plaintiff has made to the EEOC.
>
> INTERROGATORY NO. 19. Please identify, including the identity of the entity or person accused, the subject of the complaint, the substance of the complaint, the date and the outcome, for each and every complaint, claim and allegation Plaintiff has made to the Human Rights Commission.

REQUEST NO. 13. Copies of all complaints and other documents Plaintiff has submitted to the EEOC, regardless of whether such complaint pertains to NRCTC or another individual or entity.

REQUEST NO. 14. Copies of all complaints and other documents Plaintiff has submitted to the Human Rights Commission, regardless of whether such complaint pertains to NRCTC or another individual or entity.

REQUEST NO. 15. Copies of all complains concerning all lawsuits Plaintiff has been a party to.

The Court first finds that Plaintiff's general objections to above Interrogatories and Requests are inappropriate. Plaintiff objects to the above claiming the requests to be overly broad, irrelevant, and "seeks the production of documents that are more readily available to defendants than Plaintiff." Plaintiff's objections, however, are non-specific and fail to demonstrate precisely why Plaintiff is entitled to withhold from responding. See Mills v. East Gulf Coal Preparation Co., LLC, 259 F.R.D. 118, 132 (S.D.W.Va. 2009). The Court further finds that the above Interrogatories and Requests seek relevant information. Defendants explain the information is relevant to their defense that Plaintiff has a litigious history. Information concerning prior lawsuits filed by or against Plaintiff is potentially admissible or could lead to admissible evidence. See Cornelius v. Consol. Rail Corp., 169 F.R.D. 250, 251 - 252 (N.D.N.Y. 1996)(evidence of prior claims and lawsuits is relevant and discoverable, regardless that it later may be inadmissible at trial). Finally, Plaintiff's argument that he is not required to provide information that is already known or equally available to Defendants is incorrect. See Clean Earth of Maryland, Inc. v. Total Safety, Inc., 2011 WL 4832381, * 7 (N.D.W.Va. Oct. 12, 2011)("The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories . . . [and] fact that the information sought is equally available to the interrogator . . . does not render the interrogatories objectionable.")(citing Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 245 (N.D.W.Va. 1970).

18

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Protective Order as to Interrogatory Nos. 16 - 19 and Request Nos. 13 - 15 is **DENIED**. Plaintiff is **DIRECTED** to respond to Interrogatory Nos. 16 - 19 and Request Nos. 13 - 15 by **Friday, October 12, 2012.**

       *b.*       *Interrogatory Nos. 20 and 27 and Request Nos. 8, 16 - 18:*

Next, the undersigned will consider Interrogatory Nos. 20 and 27 and Request Nos. 8, 16 - 18, which pertain to Plaintiff's work experience, qualifications, education, on-the-job training, and criminal history. Specifically, the Interrogatories and Requests state as follows:

INTERROGATORY NO. 20. Please describe the Plaintiff's employment history from high school to present including:
(a) Name of employer;
(b) Dates of employment;
(c) Name, address, and telephone number of supervisor;
(d) Title and job duties;
(e) Rate of pay; and
(f) Reason for leaving employment.

INTERROGATORY NO. 27. Please state whether the Plaintiff has ever been charged with a crime. If in the affirmative, please state the charge, the date, the charging agency, and the disposition of the charge.

REQUEST NO. 8. Copies of all materials submitted with your applications for employment for the Administrative Secretary, Human Resource Representative, Human Resources Assistant III, and Financial Aid Counselor.

REQUEST NO. 16. All applications, cover letters, resumes and other submissions sent to any prospective employer by Plaintiff from 2008 to present.

REQUEST NO. 17. A list of all positions and applications Plaintiff has made for employment (other than to NRCTC) from 2008 to present.

REQUEST NO. 18. A copy of all criminal complaints, if any, involving Plaintiff.

The Court first finds that Plaintiff's general objections to above Interrogatories and Requests are inappropriate. Plaintiff objects to the above claiming the requests to be overly broad, irrelevant, and "seeks the production of documents that are more readily available to defendants than Plaintiff."

19

Plaintiff's objections, however, are non-specific and fail to demonstrate precisely why Plaintiff is entitled withhold his response. See Mills v. East Gulf Coal Preparation Co., LLC, 259 F.R.D. at 132. Next, Plaintiff states "[t]he only information regarding Plaintiff's work history that he was better qualified than the selected applicants is the work history contained on documents provided to the Defendants at the time Plaintiff applied for the positions in question." The Court, however, finds that the above Interrogatories and Requests seek relevant information. Defendants explain the information is relevant to their defense that Plaintiff was not more qualified than the selected applicants. An individual's work experience, qualifications, education, on-the-job training, and criminal history is clearly relevant when comparing applicants' qualifications. Finally, Plaintiff's argument that he is not required to provide information that is already known or equally available to Defendants is incorrect. See Clean Earth of Maryland, Inc., 2011 WL 4832381 at 7. Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Protective Order as to Interrogatory Nos. 20 and 27 and Request Nos. 8, 16 - 18 is **DENIED**. Plaintiff is **DIRECTED** to respond to Interrogatory Nos. 20 and 27 and Request Nos. 8, 16 - 18 by **Friday, October 12, 2012.**

      *c.     Interrogatory No. 28 and Request No. 10:*

      Finally, the undersigned will consider Interrogatory No. 28 and Request No. 10. Specifically, the Interrogatory and Request state as follows:

      INTERROGATORY NO. 28. Please state the name, address and telephone number of every witness Plaintiff intends to call for testimony at trial.

      REQUEST NO. 10. All correspondence to or from Defendant.

      The Court first finds that Plaintiff's general objections to Interrogatory No. 28 and Request No. 10 are inappropriate. Plaintiff objects to the above claiming the requests to be overly broad, irrelevant, and "seeks the production of documents that are more readily available to defendants than

20

Plaintiff." Plaintiff's objections, however, are non-specific and fail to demonstrate precisely why Plaintiff is entitled withhold his response. See Mills v. East Gulf Coal Preparation Co., LLC, 259 F.R.D. at 132. The Court further finds that Interrogatory No. 28 seeks relevant information. Defendants are entitled to a list of witnesses Plaintiff intends to call at trial.  See Fed. R. Civ. P. 26(a)(1) and (3). Concerning Request No. 10, the undersigned finds Plaintiff's argument that he is not required to provide information that is already known or equally available to Defendants is incorrect. See Clean Earth of Maryland, Inc., 2011 WL 4832381 at 7. Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Protective Order as to Interrogatory No. 28 and Request No. 10 is **DENIED**. Plaintiff is **DIRECTED** to respond to Interrogatory No. 28 and Request No. 10. by **Friday, October 12, 2012.**

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, United States District Judge Irene C. Berger presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: September 12, 2012.

R. Clarke VanDervort
United States Magistrate Judge