## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | | |
|---|---|---|
| **RICHARD L. BIBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 5:11-0519 |
| | ) | |
| **NEW RIVER COMMUNITY AND** | ) | |
| **TECHNICAL COLLEGE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### O R D E R

Pending before the Court is Plaintiff's Motion for Sanctions (Document No. 95.), filed on November 1, 2012. Specifically, Plaintiff seeks sanctions against Defendants alleging that Defendants are in contempt of a Court Order. (Id., p. 1.) Plaintiff contends that Defendants are disobeying the Court's Order that Defendants produce "a copy of each successful applicants' cover letter and resume with respect to each of the jobs." (Id.) Specifically, Plaintiff complains that Defendants are refusing to provide the applicant materials concerning the successful applicant for the temporary position of Human Resources Secretary. (Id., pp. 1 - 2.) Plaintiff states that he contacted defense counsel on October 22, 2012, requesting a copy of the above information. (Id.) Plaintiff alleges that defense counsel responded "by mail and informed plaintiff that 'New River did not hire any individual for the position of Human Resource Secretary.'" (Id.) Plaintiff complains that defense counsel "sent plaintiff [the Human Resources Assistant III's] resume, which Ms. Justice was aware plaintiff already had." (Id., p. 1.) Plaintiff states that he contacted defense counsel on October 24, 2012, "to inform her that the documents she sent were not the documents relevant to the court order." (Id.) Plaintiff argues that Ms. Leah Taylor's Affidavit reveals that an additional individual was hired for the temporary position of Human Resources Secretary. (Id., p. 2.) Specifically, Plaintiff explains as

follows:

> The posting (Human Resources Secretary Part-Time, Temporary) states the position will last from November 1, 2011, until mid-February 2012. . . . New River decided to have the Human Resources Assistant III work overtime to offset the balance of the other employee. On November 28, 2011, the Human Resource Assistant III resigned. <u>Thereafter, a previous part-time, temporary employee was hired</u> for the period from December 1, 2011, until mid-February 2012. The position was not advertised as the temporary employee was already trained and could begin immediately.

(Id.) Plaintiff argues that Ms. Taylor's Affidavit reveals that another individual was hired, but defense counsel refuses to provide Plaintiff with a copy of that individual's applicant materials. (Id.) Plaintiff, therefore, requests the Court "to sanction the defendants with contempt of court order and require the defendant to pay the plaintiff attorney fees for his time required to prepare this motion." (Id., p. 1.)

As Exhibits, Plaintiff attaches the following: (1) A copy of the "Certification of Plaintiff" (Id., pp. 4 - 5.); (2) A copy of defense counsel's letter to Plaintiff dated October 22, 2012 (Id., p. 6.); and (3) A copy of defense counsel's letter to Plaintiff dated October 24, 2012 (Id., p. 7.).

On November 14, 2012, Defendants filed their "Response in Opposition to Plaintiff's Motion for Sanctions." (Document No. 101.) First, Defendants explain that the job posting for the temporary position of Human Resources Secretary was closed without selecting any applicant. (Id., p. 2.) Defendants state that "[a]nother employee, the Human Resources Assistant III assumed additional duties and worked overtime to fill in for the Human Resources Secretary, who was out on maternity leave." (Id.) Defendants contend that "[b]ecause no successful applicant was selected, the Defendants did not have successful applicant materials to produce to Plaintiff in response to his request for the documents related to this position." (Id.) Next, defense counsel states that during the telephone call on October 22, 2012, it was explained "to the Plaintiff that there was no successful applicant for this position." (Id.) In response to Plaintiff's telephone call, however, "the Defendants voluntarily provided the resume, references and academic transcript of the employee who filled in for the Human

2

Resources Secretary to the Plaintiff on the same day of the Plaintiff's telephone call, even though this request by Plaintiff falls outside the scope of the Order issued by the Court." (Id.) Defense counsel claims that Plaintiff again contacted her office on October 24, 2012, and "in an angry manner, complained that the resume, references and academic transcript that were voluntarily sent to the Plaintiff were not the documents Plaintiff requested."[1] (Id., pp. 2 - 3.) Defense counsel states that upon "learning of the Plaintiff's angry telephone call, defense counsel sent Plaintiff a letter on October 24, 2012 advising Plaintiff that the Defendants produced the documents that they believed Plaintiff had requested but that if Plaintiff would clarify exactly what additional documents he is seeking, the Defendants will try to address his request." (Id., p. 3.) Defendants complain that "Plaintiff did not respond to Defendants' letter and filed his Motion for Sanctions instead." (Id.) Defendants stated that they have "made a good faith effort to provide documents requested by the Plaintiff, even though these documents fell outside the scope of Plaintiff's Request for Production of Documents and outside of this Court's October 4, 2012 Order." (Id.) Defendants, therefore, request that Plaintiff's Motion for Sanctions be denied. (Id.)

As Exhibits, Defendants attach the following: (1) A copy of defense counsel's letter to Plaintiff dated October 22, 2012 (Document No. 101-1, pp. 2 - 3.); and (2) A copy of defense counsel's letter to Plaintiff dated October 24, 2012 (Id., pp. 5 - 6.).

Rule 16(f) provides for sanctions, including those sanctions set forth in Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney "fails to obey a scheduling or other pretrial order." The Rule further provides:

> Instead of or in addition to any other sanction, the court must order the party, its

---

[1] Plaintiff states that he "attempted to explain to [defense counsel's] assistant the document in question, but Ms. Justice's assistant wanted to argue with the plaintiff." (Document No. 95, p. 2.)

> attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Among the sanctions available under Rule 37(b)(2), the Court may prohibit the introduction of designated matters into evidence, strike pleadings, stay proceeding until the order is obeyed, dismiss the action, enter default judgment, or treat the failure to obey as contempt of court. See Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). "The imposition of sanctions under Rule 37(b) is wholly within the trial court's discretion, but '[i]t is not . . . a discretion without bounds or limits.'" Carney v. KMart Corp., 176 F.R.D. 227 (S.D.W.Va. 1997) (quoting Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). There is a four-part test in determining whether sanctions are warranted under Rule 37. "Specifically, the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001); see also, Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

Based upon a liberal reading of Plaintiff's Motion, the undersigned finds that Plaintiff's Motion for Sanctions concerns Defendants' alleged failure to comply with the Court's Order dated October 4, 2012. By Order entered on October 4, 2012, the undersigned directed that Defendants shall produce a copy of the following documents to Plaintiff:

> (1) A copy of the Job Posting and Job Description for each of the jobs for which Plaintiff applied; (2) A copy of each successful applicant's Cover Letter and Resume with respect to each of the jobs; (3) A copy of each successful applicant's Credentials Face Sheet; (4) A copy of each successful applicant's Post Interview Summary Guide; (5) A copy of each successful applicant's Committee Chairs Overall Candidate Summary Sheet; and (6) A copy of each successful applicant's Competency Rating Sheet.

(Document No. 77.) Applying the above four factors to the facts of the instant case, the Court finds that neither the sanctions under Rule 16(f) nor Rule 37 are warranted. First, there is no indication that Defendants have acted in bad faith or failed to comply with the Court's Order dated October 4, 2012. Defendants contend there was no "successful applicant" for the Human Resources Secretary position because New River closed the job search after deciding to have the Human Resources Assistant III work overtime to fill in for the Human Resources Secretary. Acting in good faith, however, Defendants provided Plaintiff with a copy of the resume, references and academic transcript for the Human Resources Assistant III. Referencing the Affidavit of Leah Taylor, Plaintiff contends that Defendants are not providing him with complete information concerning the "successful applicant" for the Human Resources Secretary position. Plaintiff argues that Ms. Taylor's Affidavit reveals that the Human Resources Assistant III resigned and another individual was hired for the temporary position of Human Resources Secretary. Specifically, Ms. Taylor describes the job position for Human Resources Secretary as follows:

> In or around October 2011, Plaintiff applied for the position of Human Resources Secretary. This was a part-time, temporary position with no benefits. The position was created to "fill-in" temporarily for the Human Resources Representative, who was on maternity leave. On October 18, 2011, letters were mailed to all candidates that New River decided to close the search. New River decided to have the Human Resources Assistant III work overtime to offset the absence of the other employee. On November 28, 2011, the Human Resources Assistant III resigned. Thereafter, a previous part-time, temporary employee was hired for the period from December 1, 2011, until mid-February 2012. The position was not advertised, as the temporary employee was already trained and could begin immediately.

(Document No. 66-1, pp. 4 - 5.) It appears that Plaintiff is requesting information concerning the "previous part-time, temporary employee" who was "hired for the period of December 1, 2011, until mid-February 2012." Although the job position for Human Resources Secretary became vacant upon the resignation of the Human Resources Assistant III, Ms. Taylor's Affidavit states that the job

position for the Human Resources Secretary "was not advertised, as the temporary employee was already trained and could begin immediately." Thus, the undersigned finds that the "previous part-time, temporary employee" that was "hired for the period of December 1, 2011, until mid-February 2012," was not a "successful applicant."[2] Accordingly, Defendants are not required under the Court's Order dated October 4, 2012, to produce information concerning the "previous part-time, temporary employee." It is hereby **ORDERED** that Plaintiff's Motion for Sanctions (Id., Document No. 95.) is **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the rulings set forth above on this non-dispositive motion may be contested by filing, within 14 days, objections to this Order with United States District Judge Irene C. Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send a copy of this Order to counsel of record and Plaintiff, who is acting *pro se*.

ENTER: December 6, 2012.

R. Clarke VanDervort
United States Magistrate Judge

---

[2] If the position for Human Resources Secretary was not advertised following the resignation of the Human Resources Assistant III, Plaintiff cannot argue that he applied for the position following the resignation of the Human Resources Assistant III.