IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICHARD L. BIBBS,

        Plaintiff,

v.                         CIVIL ACTION NO.   5:11-cv-00519

NEW RIVER COMMUNITY AND
TECHNICAL COLLEGE, et al.,

        Defendants.

**ORDER**

The Court has reviewed the *Plaintiff's Objections to the Court's 4-12-13 Order (Doc. 127)* ("Pl.'s Obj.") (Document 129).  In this civil action, Plaintiff Richard L. Bibbs brings an employment discrimination action against the New River Community and Technical College ("NRCTC") and various members of its staff alleging he was not hired for numerous positions due to his race and gender.  In October 2012, the assigned Magistrate Judge heard the parties' arguments with respect to several discovery disputes. (*See* Order (Document 77)).[1]   Relevant to this Order, Plaintiff challenged Defendants' refusal to produce a copy of Defendant Ted Spring's Annual evaluation.  (*Id*. at 2.)  At the time of the hearing, Plaintiff argued that the evaluation would inform him about why Defendant Spring was leaving his position of President of NRCTC and that the voluntary or involuntary resignation could be relevant to his claim.  (*Id*.)  Defendants

---

1  By *Order* (Document 6) entered on August 2, 2011, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for total pretrial management and submission of findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636.

defended the challenge by asserting that the evaluation is confidential and irrelevant to this case. (*Id.*) In response, Magistrate Judge VanDervort ordered Defendants to submit Defendant Spring's evaluation materials for an in camera review, and he took the matter under advisement. (*Id.* at 2-3.) On April 12, 2013, Magistrate Judge VanDervort ruled that the Evaluation of Dr. Spring and all materials attached thereto

> contain[ed] no indication why Dr. Spring may have left New River Community and Technical College or information relevant to Plaintiff's claims. [The Magistrate Judge] further [found] that Dr. Springs Evaluation and the documents attached to it should be maintained under seal in this matter as they are personal and confidential to Dr. Spring and reveal the intensive evaluation process of the College.

(Order (Document 127) at 2.)[2]

In this submission, Plaintiff objects to the Magistrate Judge's review and ruling pertaining to the Annual Evaluation of Dr. Spring and all documents attached thereto. Plaintiff argues that Defendant Spring's Evaluation is "clearly relevant to the case at hand" inasmuch as it provides "insight to how he performed his job." (Pl.'s Obj. at 2.) Plaintiff asserts that Defendant Spring "was responsible for oversight of the Affirmative Action guidelines and employment of underutilized minorities." (*Id.* at 3.) He asserts that it is "unfathomable" the evaluation of Dr. Spring's performance over a three year period "would not contain some evidence that would be relevant to plaintiff's case." (*Id.*) To date, Defendants have not filed a response or other opposition. Upon consideration of Plaintiff's objections, the Court finds the same should be overruled.

---

2  The Court observes that the sealed materials were made a part of this Court's docket and were presumably provided to Plaintiff. (*See* Document 128). If indeed these materials were provided to Plaintiff, the instant objection has been rendered moot.

Federal Rule of Civil Procedure 72(a) permits any party to seek reconsideration of a magistrate judge's decisions regarding discovery disputes. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); *Everett v. Prison Health Serv.*, 412 F.App'x 604, 605 n.2 (4th Cir. 2011) (unpublished decision) ("Pursuant to Federal Rule of Civil Procedure 72(a), the district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to the law.'") The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Court has reviewed the Magistrate Judge's April 12, 2013 Order, Plaintiff's Objections thereto, the disputed sealed materials which account for Defendant Spring's Annual Evaluation, and Plaintiff's Amended Complaint (Document 57)[3]. The Court has given a *de novo* review of Defendant Spring's Annual Evaluation and the materials attached thereto and finds that it contains no information which is relevant to Plaintiff's asserted claims in this matter. As the Magistrate Judge found, the reviewed materials do not offer any insight relative to the reason Defendant Spring left the school, nor, does it offer any insight as to the "Affirmative Action guidelines and employment of underutilized minorities" in the employment of this educational institution. Instead, the evaluation mostly concerns the performance of the institution and the President's efforts to ensure the institution reached its organizational, financial and educational

---

3   *See* Order (Document 127) (discussion of evaluation and attachments).

goals. Therefore, the Court does not find that the Magistrate Judge's decision is clearly erroneous or contrary to law. Consequently, the Court finds that Defendants should be relieved of any obligation to produce the same to Plaintiff.

Accordingly, the Court **ADOPTS** and incorporates herein the findings of the Magistrate Judge as contained in the *Order* (Document 127). The Court **ORDERS** that *Plaintiff's Objections to the Court's 4-12-13 Order (Doc. 127)* (Document 129) be **OVERRULED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER: June 24, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4